IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Webster Maynard, ) | |
| ) | C/A No. 2:10-CV-0570-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| State of South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this action, Michael Webster Maynard ("Plaintiff") seeks actual and punitive damages for injuries he claims he suffered as the result of an alleged incident of excessive force by members of the Colleton County Sheriff's Department (the "CCSD"). See Am. Compl. 4, ECF No. 8. For the reasons set forth below, the Court **GRANTS** Defendants' pending motion to dismiss, ECF No. 18, and **DISMISSES** Plaintiff's action, with prejudice, as barred by the statute of limitations.

**I.    BACKGROUND[1]**

Plaintiff alleges that, on November 2, 2005, he called the CCSD during a domestic dispute with his wife. Am. Compl. 4, ECF No. 8. Defendants Deputy Jeffrey Scott and Deputy Gregory Alexander responded to the call. Id. Sometime after their arrival, Deputy Alexander informed Plaintiff that the officers would be taking Plaintiff's firearms. Id. Plaintiff claims that, after he objected to the confiscation of his firearms, the officers physically assaulted him by shoving him, shocking him with a Taser multiple times, and putting him into a choke hold. Id. at 4–5. The

---

[1]    For the purposes of a motion to dismiss, the Court accepts all of the plaintiff's factual allegations as true and views the complaint in the light most favorable to the plaintiff. See, e.g., Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

1

officers then arrested Plaintiff and transported him to the Walterboro Jail, where Plaintiff claims he was denied the medical attention that he requested. Id. at 5–6. As a result of this incident, Plaintiff was charged with disorderly conduct. Id. at 5. He was found not guilty after a trial before a state magistrate judge in May 2006. Id. at 7; see also Pl.'s Second Objections 1, ECF No. 28. In November 2006, Plaintiff filed a civil suit in state court alleging virtually identical claims to those at issue in the instant action against Defendants the CCSD, Deputy Scott, and Deputy Alexander, all arising out of the incidents of November 2, 2005. See State Ct. Compl., ECF No. 28-1 at 7. The state action was dismissed by order on June 8, 2009. See Form Order, ECF No. 28-1 at 39.

Plaintiff filed the instant federal action, pro se, on March 9, 2010. Compl., ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 11, 2010, Judge Carr issued an order advising Plaintiff that his complaint was not in "proper form." Order, ECF No. 5. Plaintiff was instructed to provide the Court with certain documents and information within 21 days, or risk dismissal of the action. Id. On March 29, 2010, Plaintiff responded by filing the currently governing amended complaint. Am. Compl., ECF No. 8. On April 1, 2010, Judge Carr issued a Report and Recommendation (the "First R&R") recommending that the Court summarily dismiss Defendant Colleton County from the action. See Order 4–6, ECF No. 13. Plaintiff filed an objection to the First R&R on April 14, 2010. Pl.'s First Objection, ECF No. 16. Shortly thereafter, Defendants filed a motion to dismiss, arguing inter alia that Plaintiff's claims were barred by the statute of limitations. See Defs.' Mot. To Dismiss 2, ECF No. 18. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Judge Carr issued an order on May 3, 2010 advising Plaintiff of the motion and dismissal procedures and the possible consequences if he failed to respond adequately.

Roseboro Order, ECF No. 20. Plaintiff filed a response in opposition to the motion to dismiss on May 10, 2010. ECF No. 22. On August 4, 2010, Judge Carr issued a second R&R (the "Second R&R") recommending that the Court grant Defendants' motion and dismiss the action with prejudice as time-barred. Second R&R 4, ECF No. 27. Plaintiff filed an objection to the Second R&R on August 18, 2010. Pl.'s Second Objection 2, ECF No. 28.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight—the ultimate responsibility for making a final determination remains entirely with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's R&R. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

## III.    ANALYSIS

Federal courts are charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See, e.g., Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Although neither Plaintiff's original complaint nor his amended complaint specifically pleads a particular cause of action, both allege facts relating to his treatment by law enforcement during and following his arrest on November 2, 2005. See Compl. 4, ECF No. 1; Am. Compl. 4, ECF No. 8. The Magistrate Judge construed Plaintiff's action as one brought pursuant

to 42 U.S.C. § 1983, which authorizes private causes of action for individuals subject "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" where such deprivation was affected under color of state law. 42 U.S.C. § 1983. Plaintiff does not object to this construction of his claims and the Court agrees that it is proper. Therefore, the Court considers the timeliness of this action as one brought pursuant to § 1983.

There is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983. Therefore, in order to determine whether a § 1983 claim is timely, the Court looks to the statute of limitations applicable to personal injury claims brought under state law. See Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266–69 (1985)). In South Carolina, personal injury claims not brought within three years are barred. See S.C. Code Ann. § 15-3-530(5). Plaintiff's claims are based on personal injuries he allegedly suffered on November 2, 2005. His original complaint was not filed until March 9, 2010, approximately one year and four months after the limitations period expired.

In his objections, Plaintiff nevertheless argues that this action is timely because he filed his state court suit within the limitations period. However, Plaintiff's state action and the instant federal action are separate suits brought in different jurisdictions. The state court action was dismissed by court order in June 2009. See Form Order, ECF No. 28-1 at 39. This is not a situation where the matter has come before the Court on removal. The federal action was instituted independently and separately from the state court action. Therefore, the federal action need also have been filed within the statute of limitations in order to be deemed timely.

In sum, because Plaintiff's federal complaint was not filed until 2010, after the expiration of the statute of limitations, it is time-barred. Dismissal on this basis is therefore proper and the

Court need not address the other issues discussed in the R&Rs.

IV.  **CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**, ECF No. 18, and Plaintiff's action is **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

February 25, 2011
Columbia, South Carolina

5